UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF MOTION |
| - against - | 07 Cr. 1155 (RPP) |
| JAIME MENESES-MENA, et al., | |
| Defendant | |

------------------------------------------------------X

PLEASE TAKE NOTICE that Jaime Meneses-Mena, a defendant in the above captioned matter will move this Court pursuant to Rule 12 (b) of the Federal Rules of Criminal Procedure and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, on September 22, 2008, upon the annexed declaration of Russell Neufeld and all prior pleadings and proceedings in this case, for the following Orders:

    1. All discovery to which the Defendant is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure;

    2. Disclosure of all exculpatory materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or to the impeachment of government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972);

    3. (A) Directing the Government to identify any recorded conversations which it proposes to offer into evidence at trial, together with transcripts in the original language of such recordings and translations of all portions not in English; (B) Scheduling a hearing to determine the audibility of such recordings and the accuracy of such translations; and (C) Granting leave to the defendant to file other and additional motions to preclude introduction of such recordings, transcripts and translations thereof;

    4. Directing the Government to identify all confidential informants and to make them available to defense counsel to be interviewed;

And for such other and further relief as the Court may find just and reasonable.

Dated: September 3, 2008
New York, New York

*Russell T. Neufeld*

Russell T. Neufeld
Counsel for Defendant Jaime Meneses-Mena
99 Hudson Street - 8th Floor
New York, NY 10013
(646) 613-8359

To:   Courtesy copy to Court via regular mail
      A.U.S.A Parvin Moyne via ECF and regular mail
      All parties of record via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA

                                              07 Cr. 1155 (RPP)

- against -

JAIME MENESES-MENA, et al.,

        Defendant

------------------------------------------------------X

**DECLARATION OF RUSSELL T. NEUFELD IN SUPPORT OF DEFENDANT MENESES-MENA'S MOTIONS FOR DISCOVERY, DISCLOSURE AND HEARINGS**

1. I am Russell T. Neufeld, an attorney duly admitted to practice in this Court. I was appointed on June 9, 2008 to represent Jaime Meneses-Mena in the above captioned case. I make this declaration in support of the Defendant's motions for discovery, disclosure and hearings.

2. I make this declaration based on my own knowledge or, where indicated, upon information and belief.

3. As to the motion for an audibility hearing, to date the Government has provided 1 c.d-. rom containing two phone calls identified as being between a confidential source and Mr. Meneses-Mena. The Government has provided a draft transcription and translation of those phone calls. The Government has not yet given notice, in response to Defendant's request, of its intent to introduce these recordings into evidence.

4. The recordings of these two conversations contain numerous unclear passages and inaudible sections.

5. Should the Government seek to introduce these recordings into evidence, the Defendant seeks an audibility hearing. The Second Circuit has held that the correct procedure for a trial judge to apply where, as here, the defendant challenges the audibility of recordings, is to have the recordings played out of the presence of the jury and rule on any objections prior to the jury hearing the recordings. *United States v. Bryant*, 480 F.2d 785, 789 (1973); *United States v. Arango-Correa*, 851 F.2d 54, 58 (1988). Where the unintelligible portions of a recording are so substantial as to render the recording as a whole untrustworthy, the court has the discretion to preclude its introduction. *United States v. Bryant*, 480 F.2d at 790.

6. Since the recorded conversations are in Spanish, should the Government seek to introduce the recordings, it will also seek to introduce transcripts and English translations of the

      Spanish at trial. The draft transcripts and translations provided to the defense thus far bear the following translator's note: "THIS TRANSCRIPT IS IN 'ROUGH DRAFT' FORM ONLY. WERE IT TO BE USED IN COURT, AS EVIDENCE, ADDITIONAL REVISIONS, CHANGES AND CERTIFICATION WOULD BE NEEDED." Should the Government seek to introduce such revised and changed transcripts and translations, the defendant requests the right to contest their admission. The second Circuit has held that the decision to receive foreign language transcripts lies in the discretion of the district court. *United States v. Chalarca*, 95 F.3d 239, 246 (1996); *United States v. Ben-Shimon*, 249 F.3d 98, 101 (2001). This Court should exercise its discretion and preclude the Government from introducing any translations it finds to be deficient.

7. As to the motion for the disclosure of the identity of confidential informants and to make them available to defense counsel to be interviewed, the Supreme Court has directed such disclosure where, as here, it would be "relevant and helpful to the defense of an accused." *Roviaro v. United States*, 353 U.S. 53 (1957). The Second Circuit has held that a defendant has a right to such disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Saa*, 859 F.2d 1067, 1073 (1984); *United States v. Russotti*, 746 F.2d 945, 950 (1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (1968).

8. To date, the Government has disclosed two consensual recordings between Mr. Memeses-Mena and an unidentified confidential source. On information and belief, the Government intends to introduce these recordings as well as the testimony of the informant. The Government has disclosed photographs of the informant and the defendants together on a date prior to the disclosed phone conversations. Therefore, it seems clear that there were communications prior to the disclosed recordings that either were not recorded, thereby indicating selective recording by the informant, or which were recorded, but which the Government has failed to disclose. Based on the phone calls and other evidence received, this informant played a key role in procuring what ever participation the defendant may have had in the crimes charged and would be aware of the defendant's diminished culpability. The informant would also have crucial information concerning the Government's misconduct in intentionally creating the fiction that the defendant was responsible for a significant loss of narcotics - misconduct that very well could have resulted in the defendant's being physically harmed or even killed. For all the above reasons, the informant is a key witness and participant in the crime whose identity should be disclosed.

9. As to the motion for disclosure of all *Brady* and *Giglio* material, the defendant particularly demands and moves for all materials relevant to the above noted Government misconduct in subjecting the defendant to possible physical injury or death. This includes any misconduct by either law enforcement officers or informants.

I declare, under the penalty of perjury, that the foregoing is true and correct.

Dated: New York, New York
       September 3, 2008

_____
Russell T. Neufeld