UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                                  **ATTORNEY'S AFFIDAVIT**
                                                  07 Cr 1155 (RPP)

JAIME MENESES-MENA & ALBERTO ORTIZ,

       Defendants.
-------------------------------------------------------------x
STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

      JOYCE C. LONDON, being duly sworn, hereby deposes and says:

1. I am an attorney duly admitted to practice law before the bars of this Court and this State.

2. I represent the defendant Alberto Ortiz in the above-captioned matter and I submit this affidavit in support of defendant's motions herein.

3. The source of your deponent's information and the basis for her belief are the Court records, the records on file in my office and conversations had with the defendant and others in this case. All matters about which your deponent lacks personal knowledge are asserted herein upon information and belief.

4. Under Indictment No 07 Cr 1155 (RPP), the grand jury of the Southern District of New York has charged defendants Jaime Meneses-Mena and Alberto Ortiz in Count One of a one-count Indictment with conspiring to distribute and possess with intent to distribute one kilogram and more of heroin from July 2007 to September 2007 in violation of 21 U.S.C. §§ 842 and 841(b)(1)(A). The Indictment also contains a forfeiture allegation for both defendants as to Count One.

5 This affidavit is submitted in support of defendant Alberto Ortiz' motions for (1) an order

pursuant to Rule 12 (b)(3)(C) of the Federal Rules of Criminal Procedure suppressing a post-arrest statement purportedly made by defendant Alberto Ortiz in response to questioning by law enforcement agents who had not advised him of his *Miranda* rights; (2) an order pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure directing the government to provide notice of any and all prior immoral or illegal acts and/or criminal convictions of the defendant which the government would seek to introduce against the defendant at least thirty days prior to trial so that the defendant may move to preclude the introduction of such evidence in accordance with Rules 403 and 404(b) of the Federal Rules of Evidence; (3) an order directing the government to disclose all *Brady* and *Giglio* materials at least sixty days prior to trial; (4) an order permitting defendant Alberto Ortiz to join in motions submitted by his co-defendant to the extent that they are not inconsistent with the motions submitted herein; and (5) an order permitting defendant Alberto Ortiz to make such other and further motions as may be appropriate and necessary.

## SUPPRESSION OF POST-ARREST STATEMENT

6. Pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, the Court is asked to suppress a post-arrest statement allegedly made by defendant Alberto Ortiz to law enforcement agents after his arrest in this matter, on the grounds that he was not advised of his *Miranda* rights prior to the questioning.

7. An affidavit executed by defendant Alberto Ortiz detailing the circumstances surrounding his arrest and his subsequent questioning by law enforcement agents is submitted herewith.

8. Upon information and belief, Mr. Ortiz was arrested at his home in Queens, New York

early in the morning of June 9, 2008.  He asked why he was being arrested and was informed that he was being arrested because he was part of a drug investigation.

9. One of the arresting agents then told him that his life had just totally changed and that he must start cooperating with the DEA agents and answering their questions immediately. He repeated this a number of times to emphasize that Mr Ortiz must start cooperating with the DEA agents and answering their questions immediately.

10. Another agent then asked Mr Ortiz if Mr Ortiz remembered him from the year before and then asked, "do you remember that I was the one who asked you if you were a faggot?"

11. In response to this questioning from both agents, Mr Ortiz responded that he was a family man and worked hard to support his family and that he was not involved in a drug conspiracy.

12. Mr Ortiz was then taken outside to a police car and then, when in the car, one of the arresting agents informed him of his *Miranda* rights.  At that time, Mr Ortiz advised the agents that he did not wish to waive his rights and did not wish to speak further with the agents.

## PRIOR BAD ACTS AND/OR CRIMINAL CONVICTIONS

13. Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, the Court is asked to direct the government to disclose any and all prior immoral or illegal acts and/or criminal convictions of the defendant which the government would seek to introduce against the defendant at least thirty days prior to trial so that the defendant may move to preclude the introduction of such evidence in accordance with Rules 403 and 404(b) of the Federal Rules of Evidence.

14. Based on discovery provided pursuant to Rule 16 of the Federal Rules of Criminal

Procedure, Mr. Ortiz appears to have no prior criminal convictions or arrests.

15. To date, defendant has been provided with no discovery relating to any uncharged prior bad acts.

## BRADY AND GIGLIO MATERIALS

16. The Court is asked to direct the government to disclose all *Brady* and *Giglio* materials at least sixty (60) days prior to trial.

## OTHER RELIEF

17. Defendant Alberto Ortiz respectfully requests that he be permitted to join in the motions of his co-defendant insofar as such motions are not inconsistent with the motions advanced herein.

18. Defendant Alberto Ortiz also wishes to reserve the right to make such other and further motions as may be appropriate and necessary.

JOYCE C. LONDON

Sworn to before me
this 3rd day of September, 2008

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-                               **DEFENDANT'S AFFIDAVIT**
                                                 07 Cr 1155 (RPP)

JAIME MENESES-MENA & ALBERTO ORTIZ,

       Defendants.
------------------------------------------------------------x

STATE OF NEW YORK        )
                                      ) ss.:
COUNTY OF NEW YORK   )

       ALBERTO ORTIZ, being duly sworn, hereby deposes and says:

1.     I am a defendant in the above-captioned matter.

2.     I was arrested at my home in Queens, New York early in the morning of June 9, 2008

3.     After I was arrested, I was not immediately advised of my rights.

4.     When the agents were arresting me, I asked why I was being arrested and was advised that I was being arrested because I was part of a drug investigation.

5.     One of the arresting agents, a Hispanic agent, then told me that my life had just totally changed and that I must start cooperating with the DEA agents and answering their questions immediately.

6.     He emphasized that I must start talking to him and the other agents immediately.

7.     Another agent (an Asian agent) then asked me if I remembered him from the year before and also asked "do you remember that I was the one who asked you if you were a faggot?"

8.     I responded that I was a family man and worked hard to support my family and that I was not involved in a drug conspiracy.

9.     I made this statement in response to the statements and questions of both agents.

10.     I was then taken outside to a police car and at that time, one of the agents read me my rights. I advised the agents that I did not wish to waive my rights and did not wish to speak further with them.

 

_____
ALBERTO ORTIZ

Sworn to before me
this 2nd day of September, 2008

_____
NOTARY PUBLIC