UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA,

        -against-                                07 Cr 1155 (RPP)

JAIME MENESES-MENA & ALBERTO ORTIZ,

        Defendants.

-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ALBERTO ORTIZ' PRE-TRIAL MOTIONS

JOYCE C. LONDON, ESQ.
20 Vesey Street, Suite 400
New York, New York 10007
Tel: (212) 964-3700

*Attorney for Defendant*
*ALBERTO ORTIZ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                            07 CR 1155 (RPP)

JAIME MENESES-MENA & ALBERTO ORTIZ,

        Defendants.
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ALBERTO ORTIZ' PRE-TRIAL MOTIONS

### PRELIMINARY STATEMENT

Under Indictment No 07 Cr 1155 (RPP), the grand jury of the Southern District of New York has charged defendants Jaime Meneses-Mena and Alberto Ortiz in Count One of a one-count Indictment with conspiring to distribute and possess with intent to distribute one kilogram and more of heroin from July 2007 to September 2007 in violation of 21 U.S.C. §§ 842 and 841(b)(1)(A). The Indictment also contains a forfeiture allegation for both defendants as to Count One.

This affidavit is submitted in support of defendant Alberto Ortiz' motions for (1) an order pursuant to Rule 12 (b)(3)(C) of the Federal Rules of Criminal Procedure suppressing a post-arrest statement purportedly made by defendant Alberto Ortiz in response to questioning by law enforcement agents who had not advised him of his *Miranda* rights; (2) an order pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure directing the government to provide notice of any and all prior immoral or illegal acts and/or criminal convictions of the defendant which the government would seek to introduce against the defendant at least thirty days prior to

2

trial so that the defendant may move to preclude the introduction of such evidence in accordance with Rules 403 and 404(b) of the Federal Rules of Evidence; (3) an order directing the government to disclose all *Brady* and *Giglio* materials at least sixty days prior to trial; (4) an order permitting defendant Alberto Ortiz to join in motions submitted by his co-defendant to the extent that they are not inconsistent with the motions submitted herein; and (5) an order permitting defendant Alberto Ortiz to make such other and further motions as may be appropriate and necessary.

## STATEMENT OF RELEVANT FACTS

The facts relevant to the instant motions are set forth in the accompanying Attorney's Affidavit executed on September 3, 2008 and Defendant's Affidavit, executed on September 2, 2008.  These facts are also incorporated into the relevant legal arguments, *infra*.

## ARGUMENT

## POINT I

## DEFENDANT ALBERTO ORTIZ' POST-ARREST STATEMENT MUST BE SUPPRESSED BECAUSE HE WAS QUESTIONED BY LAW ENFORCEMENT AGENTS WITHOUT FIRST BEING ADVISED OF HIS *MIRANDA* RIGHTS

Pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, the Court is asked to suppress a post-arrest statement allegedly made by defendant Alberto Ortiz to law enforcement agents after his arrest in this matter, on the grounds that he was not advised of his *Miranda* rights prior to the questioning.

The facts surrounding defendant Alberto Ortiz' arrest. have been set forth in an Affidavit executed by Alberto Ortiz on September 2, 2008.[1] Alberto Ortiz was arrested at his home in Queens, New York early in the morning of June 9, 2008.  He asked the arresting agents why he was being arrested and was informed that he was being arrested because he was part of a drug investigation.  One of the arresting agents then told him that his life had just totally changed and that he must start cooperating with the DEA agents and answering their questions immediately. He repeated this a number of times to emphasize that Mr Ortiz must start cooperating with the DEA agents and answering their questions immediately.  Another agent then asked Mr Ortiz if Mr Ortiz remembered him from the year before and then asked, "do you remember that I was the one who asked you if you were a faggot?"  In response to this questioning from both agents, Mr Ortiz responded that he was a family man and worked hard to support his family and that he was not involved in a drug conspiracy.

Mr Ortiz was then taken outside to a police car and then, while in the car, one of the arresting agents informed him of his *Miranda* rights.  At that time, Mr Ortiz advised the agents that he did not wish to waive his rights and did not wish to speak further with the agents.

Mr. Ortiz contends that he was not advised of his *Miranda* rights, either orally or in writing immediately after his arrest when he was initially questioned by the agents. Significantly, no Waiver of Rights document acknowledging receipt and waiver of *Miranda* warnings has been provided in discovery.  Moreover, the Government's Rule 16 discovery letter dated August 5, 2008 acknowledges that Mr Ortiz did not receive his *Miranda* warnings until after the above-

---

[1]     A copy of Alberto Ortiz' Affidavit is attached to the accompanying Notice of Motion and Attorney's Affidavit.

referenced statement was made.

In <u>Miranda v. Arizona</u>, the United States Supreme Court declared that custodial interrogation generates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he does not otherwise do so freely." <u>Miranda v. Arizona</u>, 348 U.S. 436, 467 (1966). Therefore the prosecution may not use statements elicited through custodial interrogation unless the use of procedural safeguards guarantee that the accused has been informed of and has freely waived the Constitutional privileges of the Fifth Amendment. <u>Id</u>. at 444-45. Under *Miranda,* law enforcement officers must warn a defendant that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed," prior to the commencement of any interrogation. <u>Id</u>. at 444.

Accordingly, it is submitted that the statement allegedly made by defendant Alberto Ortiz to law enforcement agents immediately after his arrest and was obtained in violation of his *Miranda* rights and should therefore be suppressed.

## POINT II

### THE COURT SHOULD DIRECT THE GOVERNMENT TO PROVIDE DEFENDANT, AT LEAST THIRTY DAYS IN ADVANCE OF TRIAL, WITH "OTHER CRIMES" EVIDENCE THAT <u>THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL</u>

Defendant requests that the Court direct that the government indicate at least thirty days in advance of trial whether it will attempt to introduce evidence of prior bad acts of the defendant in accordance with Rule 404 (b) of the Federal Rules of Evidence or as uncharged conduct which is evidence of the conspiracy. Any evidence of "other crimes" which the Government seeks to

introduce under Rule 404(b) must necessarily be weighed under Rule 403 against the danger that it would create "unfair prejudice" to the trial of the Defendant. Huddleston v. United States, 485 U.S. 681, 691 (1988).

Courts have long recognized that early determinations of the admissibility of "other crimes" evidence serves the salutary purpose of avoiding unnecessary delay during trial. A defendant in a criminal case must be afforded " a fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment." United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973). In this way, a defendant may seek a pre-trial ruling to bar the admission of such evidence and at the same time, also prepare to meet any such evidence ruled admissible after the pre-trial rulings. See also Riggs v. United States, 280 F.2d 750, 753, (5th Cir. 1960) (conviction reversed where concealment until trial of prior bad act); United States v. Kelly, 420 F.2d 26, 29 (2d Cir. 1969) (pre-trial disclosure avoids trial by ambush).

In the instant case, discovery to date indicates that Alberto Ortiz has no previous convictions or arrests. The government should therefore be directed to disclose by at least thirty days prior to trial whether it intends to introduce Rule 404(b) evidence and to provide a description and summary of such evidence so that a hearing can be held and a determination of admissibility can be made reasonably in advance of trial.

## POINT III

### THE GOVERNMENT SHOULD BE ORDERED TO DISCLOSE ALL *BRADY* AND *GIGLIO* MATERIAL AT LEAST 60 DAYS PRIOR TO TRIAL

The United States Supreme Court has recognized that when the government has material

6

evidence, unknown to the defendant, which bears on the reliability of its witnesses, due process requires that such evidence be disclosed. *Brady v. Maryland*, 373 U.S. 83 (1963); *see also United States v. Bagley*, 473 U.S. 667 (1985). Moreover, in *Giglio v. United States*, 405 U.S. 150 (1972), that disclosure requirement was extended to include evidence which affects the credibility of the government's witnesses. *Id.* at 153-55. More recently, the Supreme Court stated that it had, in *Bagley*, "disavowed any difference between exculpatory and impeachment evidence for *Brady* purposes[.]" *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *see also United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998) (information coming within the scope of *Brady* includes not only evidence that is exculpatory, but also evidence useful for impeachment).

Those disclosure requirements are intended to safeguard the fundamental fairness of the proceedings and prevent a miscarriage of justice. *Bagley*, 473 U.S. 676. The appropriate timing of such disclosures are driven by their due process rationale and, as such the material must be disclosed in time for its effective use at trial or plea proceedings. *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001); *United States v. Persico*, 164 F.3d 796, 804 (2d Cir. 1999).

In the instant case, it is submitted that the defendant should have at least 60 days to review all *Brady* and *Giglio* disclosures prior to trial.

## POINT IV

### THE DEFENDANT SEEKS TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANT TO THE EXTENT THAT THEY ARE NOT INCONSISTENT WITH THE MOTIONS ADVANCED HEREIN AND TO MAKE SUCH OTHER AND FURTHER MOTIONS AS MAY BE NECESSARY

Defendant Alberto Ortiz respectfully requests that he be permitted to join in the motions of his co-defendant insofar as such motions are not inconsistent with the motions advanced

7

herein.

Defendant Alberto Ortiz also wishes to reserve the right to make such other and further

motions as may be appropriate and necessary.

## CONCLUSION

For the reasons set forth herein, the relief requested should be granted.

Dated: New York, New York
       September 3, 2008

Respectfully submitted,

*Joyce C London*

JOYCE C. LONDON, ESQ.
20 Vesey Street, Suite 400
New York, NY 10007
212: 964-3700
*Attorney for Defendant*
*ALBERTO ORTIZ*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

        -against-                            07 Cr 1155 (RPP)

JAIME MENESES-MENA & ALBERTO ORTIZ,

        Defendants.

-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

This is to certify that on September 3, 2008, a copy of the foregoing Memorandum of

Law In Support of Defendant Alberto Ortiz' Pre-Trial Motions was filed electronically with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the

Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon

the following:

    Honorable Robert P. Patterson                (By Hand)
    United States District Chief Judge
    Southern District of New York
    500 Pearl Street
    New York, New York 10007

    Parvin Moyne, Esq.                      (By Hand)
    Assistant United States Attorney
    Southern District of New York
    One Saint Andrews Plaza
    New York, New York 10007

                                        _____
                                        JOYCE C. LONDON